## C. R. BOATRIGHT v. J. C. ENEWOLD.

FILED OCTOBER 6, 1896. No. 8025.

Duress: SATISFACTION OF JUDGMENT: EVIDENCE. Evidence examined, and *held* to fail to show that the satisfaction of the judgment complained of was procured by duress.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. Heard on motion of de-

Boatright v. Enewold.

fendant in error to dismiss the proceeding on the ground that the judgment complained of has been satisfied. *Dismissed.*

*W. W. Morsman* and *Will H. Thompson*, for the motion.

*Cooper & Montague, contra.*

RYAN, C.

By his motion the defendant in error seeks to procure a dismissal of this proceeding for the alleged reason that there has been, since the pendency of this action in this court, a settlement of its subject-matter. Plaintiff in error asserts that the payments were made and received under such duress that his right to a review of the judgment of the district court should not be prejudiced. There were submitted two affidavits on the hearing, one of which was on behalf of the defendant in error, the other on behalf of the plaintiff in error. From a consideration of both these affidavits we are able confidently to state the following facts as indisputably established: On March 16, 1895, the defendant in error recovered a judgment against the plaintiff in error in the sum of $143.67 and costs. By virtue of this judgment C. W. Lyman was duly garnished as a debtor of plaintiff in error after error proceedings had been commenced in this court, but before a supersedeas bond had been filed. After the filing and approving of such a bond, however, the plaintiff in error made various unsuccessful efforts to procure a release of the garnishee, who, during these proceedings, had made answer that he owed the plaintiff in error the sum of $250. These efforts were grounded upon an assumption by the plaintiff in error that a supersedeas bond having been given, the garnishment was vacated and, therefore, that the plaintiff in error was entitled to the aforesaid sum of $250. Neither the district court of Douglas county, wherein the garnishment proceedings were had, nor, subsequently, could the gar-

nishee, be convinced of the soundness of the contention of plaintiff in error, for which reasons he was not able to possess himself of the money in the hands of the garnishee. In this condition of affairs, on the 16th day of December, 1895, the district court of Douglas county, by consent of the parties, ordered Lyman to pay into court the amount owing by him to the plaintiff in error, with the provision that upon such payment he should be discharged. In said order it was further provided: "Of the said sum of money to be paid into court by the garnishee, one hundred and thirty-five dollars ($135) to be paid by the clerk to the plaintiff or his attorneys, and the remainder, one hundred and fifteen dollars ($115), to be paid to the defendant or his attorneys, each party herein to pay his own costs." Whatever of difference there exists between the parties is as to the intended and the necessary effect of this order and the receipt by each party of the amount provided by the order to be paid to him by the clerk.

It is asserted in the affidavit filed on behalf of the defendant in error that the object intended by all parties and actually effected was the settlement and discharge of the judgment against the plaintiff in error, together with all rights in respect to such judgment, including that of its review in this court by this proceeding. The contention of the plaintiff in error is stated in his affidavit as follows: "Affiant believed, and had reason to believe, that unless he made some arrangement with reference to his said money in the hands of said Charles W. Lyman, garnishee, he would be in great danger of losing such money; that by reason of said garnishment proceedings and his fear of losing the whole of said money, affiant, under protest, consented to the making of said order disposing of said money as therein provided for; that when affiant consented that said one hundred and thirty-five dollars ($135) mentioned in said order be paid by the clerk of said court to the plaintiff or his attorneys, affiant did not consent to such order with the purpose or

intent of satisfying or paying such judgment, but said consent to said order was made for the reasons hereinbefore indicated." As the plaintiff in another part of his affidavit stated that the order of the court was made by consent of parties, and as the order itself so recited, the assertion that this consent was under protest was entitled to no consideration except perhaps as applied to an undisclosed condition of the mind of the plaintiff in error.

It is very clear from the above quotation from the affidavit of plaintiff in error that the considerations which induced his assent were, first, that he was in danger of losing the money owing him by the garnishee, and second, the pendency of the garnishment proceedings. It is just as clear, however, from his own above quoted language that this assent was only to the entry of the order. When this order was complied with by the payment ordered to be made into court there was, by the terms of the order, an end of the garnishment, because thereby the garnishee was to be discharged, and this payment and discharge of necessity ended all reasons for fearing a loss of the money. When this order had been made and the money thereunder had been paid into court, it was entirely optional with plaintiff in error to receipt for the money which the clerk was authorized to pay him or to refrain from so doing. He elected to receive it. On the other hand, the defendant in error was fully authorized to receive his portion, and did so by a receipt which recited that thereby there was a full satisfaction of the judgment. This was dated December 16, 1895, the day on which this order was made. It will be observed that while the judgment had been for $143.67 and costs, this order, beside ignoring all rights to interest from the date of the judgment, required payment of but $135, or $8.67 less than the judgment, and required the judgment creditor to pay one-half the costs. As already indicated, plaintiff in error confined the statements of his affidavits to the considerations which influenced him to consent to the making of the order and made no such

21

statement as to influences with reference to transactions subsequent to the entry thereof. It would, therefore, be extending his language by construction to assume that the actual receipt of the money payable to him by the terms of the order was influenced by considerations of the existence of the garnishment or by his fear that he would lose his money. The payment of costs imposed by the terms of the order upon the defendant in error, and by him submitted to, was to the amount of $37.05, of which plaintiff in error received the benefit. In view of this fact and the further fact that the amount necessary to satisfy the judgment itself was reduced, we might properly conclude that the purpose of the consent order was correctly stated by the defendant in error. There certainly exists no sufficient grounds for assuming that the satisfaction of the judgment was brought about by duress. The motion to dismiss the error proceedings is therefore sustained.

DISMISSED.